[No. 11905.    In Bank. — May 25, 1887.].

IN THE MATTER OF THE DISBARMENT OF CHARLES H. MOORE.

ATTORNEY AT LAW — DISBARMENT — CONVERSION OF MONEY OF CLIENT. — The proceeding was brought for the disbarment of an attorney and counselor at law, on the ground that certain moneys, received by him in his professional capacity to be applied to particular purposes, had been converted by him to his own use. On a review of the evidence, *held*, that the charges were sustained, and that the respondent should be suspended from practice for five years.

PROCEEDING for the disbarment of an attorney and counselor at law. The facts are stated in the opinion of the court.

*N. S. Wirt*, for Petitioner.

*W. W. Cope*, for Respondent.

THORNTON, J.—The accusation against Moore contains four charges:— ·

1. That about the eleventh day of October, 1886, one Ezra F. Denison paid to said defendant the sum of sixty-five dollars to procure a searcher to search the records and files of the county clerk's office of the city and county of San Francisco, and to have an abstract made of the suits pending against said Denison in the various courts of said city and county; that said search and abstract

were never made, and said sixty-five dollars was never returned or repaid to said Denison in any way.

2. That about the 13th of October, 1886, said defendant was requested and authorized by said relator to collect the sum of ninety dollars from said Denison as an attorney fee for professional services rendered by said relator, and it was then and there agreed that said defendant should have thirty (30) dollars from your relator for collecting the said ninety (90) dollars from said Denison; that about the 20th of October, 1886, said defendant collected said ninety dollars and kept the sixty dollars, the balance belonging to your relator, and still keeps and detains all of the same without just cause after demand.

3. That said defendant obtained the further sum of sixty dollars from said Denison about the twenty-fifth day of October, 1886, to procure dismissals of said cases pending against said Denison in said city and county, and that said cases and suits were not and are not now dismissed.

4. That said defendant obtained the further sum of $150 from said Denison to procure dismissals of the cases of Burke, Bourne, Forbes, Treadwell, Warrington, and Gray against Denison, and agreed in writing to repay said sum of $150 to said Denison, in case said actions were not dismissed, and said actions were not and are not now dismissed, and the sum last aforesaid has not been repaid, and said defendant still keeps and withholds said sum of $150 after demand.

It is further averred that at all times referred to in the accusation, the defendant was an attorney and counselor at law of this court, having been duly admitted to practice herein.

As to the first charge, the abstract was in fact made by one Peterson, at the procurement of Moore. The sum of sixty-five dollars was received by defendant to pay a searcher for this service, a portion of which,

amounting to fifteen dollars, was paid to Peterson at or about the time he made the abstract. The remainder was paid him by Moore after this proceeding was commenced.

The testimony shows that the sixty-five dollars was received to pay a searcher to make the abstract mentioned in the charge; that the abstract was made; that fifteen dollars was paid for it; that the remaining fifty dollars was retained by Moore and paid to Peterson after this proceeding was commenced. The evidence strongly tends to show that the fifty dollars was paid to Peterson for making an affidavit, the contents of which were not true.

The second charge is proven in substance. The ninety dollars was received from Denison to settle a suit brought by the Miners' Foundry against Denison, which sum was, by agreement, to go to the relator, Wirt, as a fee for legal services, from the Miners' Foundry, in the action against Denison. This was received by the defendant for the purpose above stated, and never paid over, and the suit was not settled. The evidence is not clear that defendant knew that this money was to be paid to Wirt as a fee; but that, in our opinion, is immaterial. The charge is in substance that the money was to be collected and paid over to Wirt. Defendant did collect the money of Denison, and never paid it over.

The evidence as to the third charge is too general to establish it. We find it not proved.

The fourth charge is proved. The payment of the money by Denison to Moore is proved by a receipt dated October 27, 1886, as follows: —

" Received of E. F. Denison the sum of one hundred and fifty ($150) dollars, the same being for fees and court expense in procuring dismissals of the following actions: *Burke* v. *Denison, Bourne* v. *Denison, Forbes* v. *Denison, Treadwell* v. *Denison, Warrington* v. *Denison,*

*Gray* v. *Denison,* the same to be repaid in case I am not successful in said matters of procuring dismissals.

                                        " CHAS. H. MOORE."

We are satisfied this money was never used by Moore for the purpose for which it was received, and that it was never returned to Denison. Nor was any settlement ever made by which Denison released Moore from the repayment of this money, or any other money to him in case it was not used in procuring the dismissal of the cases mentioned on the receipt, as was promised in the receipt. Denison denies that any such settlement was made, and in our opinion the proof sustains his denial.

In the matter of the three charges sustained, Moore was acting as attorney at law for Denison, regularly retained by him. As to the money he was to collect for the relator Wirt (specified in the second charge), he was acting for Denison, and the money he was to collect was to settle the suit above named, brought by the Miners' Foundry against Denison. The money was not paid to Wirt, and the suit was not settled. Neither was it returned to Denison.

In the matter above mentioned, defendant was guilty of a violation of his duties as an attorney and counselor at law.

The judgment of the court is, that the said Charles H. Moore be suspended from the practice of law in the courts of this state for the period of five years from the entry hereof.

MCFARLAND, J., SHARPSTEIN, J., MCKINSTRY, J., PATERSON, J., and SEARLS, C. J., concurred.